## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| ADAM FRANCHI, Individually and On Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. _____<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) |
| EMPIRE RESORTS, INC., EMANUEL R. PEARLMAN, KEITH HORN, GERARD EWE KENG LIM, EDMUND MARINUCCI, and NANCY A. PALUMBO, | ) CLASS ACTION<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on August 19, 2019 (the "Proposed Transaction"), pursuant to which Empire Resorts, Inc. ("Empire Resorts" or the "Company") will be acquired by affiliates of Kien Huat Realty III Limited ("Kien Huat") and Genting Malaysia Berhad ("GenM"). Kien Huat currently holds approximately 86% of the Company's outstanding shares of common stock.

2. On August 18, 2019, Empire Resorts' Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Hercules Topco LLC and Hercules Merger Subsidiary, Inc. Pursuant to the terms of the Merger Agreement, Empire Resorts' stockholders will receive $9.74 in cash for each share of Empire Resorts common stock they own.

3.     On October 11, 2019, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction, which scheduled a stockholder vote on the Proposed Transaction for November 13, 2019.

4.     The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Empire Resorts common stock.

9.     Defendant Empire Resorts is a Delaware corporation and maintains its principal executive offices at 204 State Route 17B, Monticello, New York 12701.  Empire Resorts' common

stock is traded on the NASDAQ Global Select Market under the ticker symbol "NYNY."

10. Defendant Emanuel R. Pearlman ("Pearlman") is Chairman of the Board of the Company. Pearlman was recommended by Kien Huat to the Board.

11. Defendant Keith Horn ("Horn") is a director of the Company. Horn is Chair of the so-called special committee of the Board (the "Special Committee").

12. Defendant Gerard Ewe Keng Lim ("Lim") is a director of the Company. Lim is also a director of Kien Huat. Lim was recommended by Kien Huat to the Board.

13. Defendant Edmund Marinucci ("Marinucci") is a director of the Company. Marinucci is a member of the Special Committee.

14. Defendant Nancy A. Palumbo ("Palumbo") is a director of the Company. Palumbo is a member of the Special Committee.

15. The defendants identified in paragraphs 10 through 14 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Empire Resorts (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

17. This action is properly maintainable as a class action.

18. The Class is so numerous that joinder of all members is impracticable. As of August 8, 2019, there were approximately 34,435,907 shares of Empire Resorts common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

19.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

20.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

21.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

22.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

23.     Empire Resorts was organized as a Delaware corporation on March 19, 1993, and since that time has served as a holding company for various subsidiaries engaged in the hospitality and gaming industries.

24.     The Company owns and operates Resorts World Catskills, an all-season integrated destination casino resort located in Sullivan County, New York, including the 101-room lifestyle

hotel The Alder adjacent to the casino.

25. The Company also owns and operates Monticello Raceway, a harness horseracing facility that began racing operations in 1958 in Monticello, New York.

26. On August 18, 2019, Empire Resorts' Board caused the Company to enter into the Merger Agreement with affiliates of Kien Huat and GenM.

27. Pursuant to the terms of the Merger Agreement, Empire Resorts' stockholders will receive $9.74 in cash for each share of Empire Resorts common stock they own.

28. Kien Huat currently holds approximately 86% of the Company's outstanding shares of common stock.

29. According to the press release announcing the Proposed Transaction:

> Empire Resorts, Inc. (NasdaqGM: NYNY) ("Empire Resorts" or the "Company") today announced a definitive agreement under which affiliates of Kien Huat Realty III Limited ("Kien Huat") and Genting Malaysia Berhad ("Genting Malaysia") will acquire all of the outstanding equity of the Company not currently owned by Kien Huat or its affiliates for $9.74 in cash per share of common stock, and with each share of the Company's Series B preferred stock receiving the same consideration on an as-converted to common stock basis. Kien Huat is currently the holder of approximately 86% of Empire Resorts' outstanding shares of common stock, including common stock issuable upon conversion of the Company's Series F convertible preferred stock.
>
> The purchase price represents a premium of approximately 15% over the closing share price of Empire Resorts' common stock on August 16, 2019, the last trading day prior to today's announcement. The Board of Directors of Empire Resorts has approved the transaction on the unanimous recommendation of the previously formed special committee of independent directors. . . .
>
> The transaction is expected to close in the fourth quarter of 2019. The transaction requires "majority of the minority" stockholder approval and provides an opportunity for Empire Resorts' stockholders to exercise their appraisal rights in connection with the proposed transaction. The transaction is also subject to the satisfaction of customary closing conditions and regulatory approvals, including obtaining specified gaming authority approvals and performance of the parties' contractual obligations through closing. Kien Huat has also entered into a voting agreement under which it has committed its voting shares in support of the transaction. Upon completion of the transaction, Empire Resorts will become a

> privately-held company and its common stock will no longer be listed on any public market.
>
> Moelis & Company LLC is serving as financial advisor to Empire Resorts' special committee and Paul, Weiss, Rifkind, Wharton & Garrison LLP is serving as its legal advisor. Cleary Gottlieb Steen & Hamilton LLP is serving as legal advisor to Genting Malaysia.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

30. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

31. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

32. The Proxy Statement omits material information regarding the process leading up to the execution of the Merger Agreement.

33. The Proxy Statement fails to disclose the reasons that, on July 28, 2019, "[t]he Special Committee [] discussed the potential engagement of a public relations firm in connection with a potential transaction with Kien Huat," and on July 31, "engaged Joele Frank, Wilkinson Brimmer Katcher ("Joele Frank") as its public relations advisor."

34. The Proxy Statement fails to disclose what role, if any, Joele Frank played in the process leading up to the execution of the Merger Agreement.

35. The Proxy Statement fails to disclose the terms of Joele Frank's engagement. Among other things, the Proxy Statement fails to disclose the amount of compensation Joele Frank will receive in connection with its engagement, as well as the amount of Joele Frank's compensation that is contingent upon consummation of the Proposed Transaction. Further, the Proxy Statement fails to disclose whether Joele Frank has performed past services for any parties to the Merger Agreement or their affiliates, as well as the timing and nature of such services and

the amount of compensation received by Joele Frank for such services.

36. The Proxy Statement fails to disclose the nature of the Special Committee's discussions on August 5 and August 7, 2019 "relating to retention bonuses and similar payments for certain employees in connection with a potential transaction with Kien Huat and GenM," as well as the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

37. The Proxy Statement fails to disclose the terms and values of all proposals and indications of interest submitted to the Company, including those submitted by "Party A" and "another potential financing source."

38. The Proxy Statement fails to disclose whether the Individual Defendants considered alternative financial advisors to Moelis & Company LLC, which the Individual Defendants engaged in February 2019, in light of the fact that "Gregg Polle, who served as a director of the Company from December 2010 to July 2019, was a Managing Director of Moelis until July 23, 2019."

39. The Company's stockholders are entitled to an accurate description of the process leading up to the Proposed Transaction.

40. The Proxy Statement also omits material information regarding the Company's financial projections.

41. The Proxy Statement fails to disclose, for each set of projections: (i) all line items used to calculate adjusted EBITDA; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

42. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial

advisor in support of its fairness opinion.

43. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

44. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Empire Resorts

45. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Empire Resorts is liable as the issuer of these statements.

47. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

48. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

49. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

50. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

51. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

52. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

53. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

54. The Individual Defendants acted as controlling persons of Empire Resorts within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Empire Resorts and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

55. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

56. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

57. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

58. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 15, 2019    **RIGRODSKY & LONG, P.A.**

            By: */s/ Gina M. Serra*
               Brian D. Long (#4347)
**OF COUNSEL:**        Gina M. Serra (#5387)
               300 Delaware Avenue, Suite 1220
**RM LAW, P.C.**        Wilmington, DE 19801
Richard A. Maniskas      Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300  Facsimile: (302) 654-7530
Berwyn, PA 19312       Email: bdl@rl-legal.com
Telephone: (484) 324-6800    Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com     *Attorneys for Plaintiff*